**CARTER EQUIPMENT COMPANY, INC., Plaintiff,**

**v.**

**The TRAVELERS INDEMNITY COMPANY, Defendant.**

**Civ. A. No. J74–194(C).**

United States District Court, S. D. Mississippi, Jackson Division.

March 7, 1975.

WILLIAM HAROLD COX, District Judge.

Carter Equipment Company, Inc. as subcontractor on a public job at Prentiss, Mississippi instituted this suit on the payment bond of the prime contractor to recover the principal sum of $14,509.50 as rent earned and due on four large pieces of equipment actually used on this job. The plaintiff and the defendant both interpose a motion for summary judgment under Civil Rule 56. Both parties recognize that the Mississippi statute on these public jobs does not cover or embrace rental on equipment, but the plaintiff vigorously contends that the bond given on this job enlarges upon the statute and provides a case where this plaintiff is entitled to sue on this performance bond as a third party beneficiary. The pertinent part of the bond in question provides: "NOW, THEREFORE, if the PRINCIPAL shall promply (sic) make payment to all persons, firms, subcontractors, and corporations furnishing materials for or performing labor in the prosecution of the work provided for in such contract, and any authorized extension or modification thereof, including all amounts due for materials, lubricants, oil, gasoline, coal and coke, repairs on machinery, equipment and tools, consumed or used in connection with the construction of such work, and all insurance premiums on said work, and for all labor, performed in such work whether by subcontractor or otherwise, then this obligation shall be void; otherwise to remain in full force and effect."

The first question presented is as to whether or not this payment bond on this job covers a claim for rental on equipment used thereon. Second, the other question involved herein is as to whether or not the claim is barred by § 31–5–7 Mississippi Code 1972.[1]

Vardaman S. Dunn, Jackson, Miss., for plaintiff.

John B. Clark, Jackson, Miss., for defendant.

---

1. Section 31–5–7 Mississippi Code 1972 provides: "When suit is instituted by any of such persons on a bond, it shall not be commenced until after the complete performance of said contract and final settlement thereof, and shall be commenced within one year after the performance and final settlement of said contract and not later. If the contractor quits or abandons the contract before its completion, suit may be instituted by any such person on said bond and shall be commenced within one year after such abandonment and not later. But said time for the institution of said action shall not begin to run until the obligee shall have made said final settlement or determined said abandonment and published notice thereof in

The parties concede that the statute requires a payment bond to assure the payment for labor and material used on a public job,[2] but the parties are in accord that a bond under this statute does not cover a claim for rental on equipment. There is nothing in the contract itself from which it may be reasonably inferred that the payment bond is thereby in any manner enlarged in its obligation. This payment bond is executed by a paid surety. Any reasonable doubts as to the meaning of such a bond may be enlarged and construed most strictly against the surety. But such principal does not authorize or empower a court to expand and enlarge upon any obligation of such a bond. These bonds must be construed and applied as written. Full meaning and purpose must be accorded every provision in the bond. The obligation of the bond refers to *"repairs on machinery, equipment and tools consumed or used in connection with the construction of such work, etc."* The mention of the word "equipment" in this phrase does not carry with it any obligation under the bond to pay rental on this equipment just because of the mention of equipment in this phrase in the bond. There is nothing from which it may be inferred that it was ever the intention of the parties that this surety should be liable for rent on equipment used on this public job.

It is the view of this Court that such provision in the bond does not provide for or contemplate the payment of any item of rent on any piece of equipment used on the job. This payment bond simply does not obligate this surety to pay for equipment rentals on this job. The answer to the second question becomes immaterial in view of this answer to the first question.

The motion of the plaintiff for a summary judgment will be denied. The motion of the defendant for a summary judgment will be granted. The plaintiff will be assessed with all costs of this suit to be taxed by the Clerk of this Court for which proper process may issue.

A judgment accordingly may be presented by the defendant within five days under the rules of this Court.

some newspaper published in said county, or if there be none then in some newspaper having a general circulation therein."

2. Section 31–5–1 Mississippi Code 1972 provides: "Any person entering into a formal contract with this state, any county thereof, municipality or any political subdivision whatsoever therein, for the construction of any building or work or the doing of repairs shall be required before commencing same to execute the usual bond with good and sufficient sureties, with the additional obligation that such contractor or contractors shall promptly make payments to all persons supplying labor or material therefor. Any person who has furnished labor or materials used therein and wherefor payment has not been made shall have the right to intervene and be made a party to any action instituted on such bond and to have his rights adjudicated in such action and judgment rendered thereon, subject, however, to the priority of the claim and judgment of the obligee. If the full amount of the liability of the surety thereof is insufficient to pay the full amount of said claims and demands, then, after paying the full amount due the obligee, the remainder shall be distributed pro rata among said intervenors. The bond herein provided for may be made by any surety company authorized to do business in the State of Mississippi."